UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEREMY D. SHIVERS,            )
                                 )
        Petitioner,         )
                                 )
v.                           )      No. 3:06-0558
                                 )      Judge Trauger
CHERRY LINDAMOOD, WARDEN,  )
                                 )
        Respondent.     )

MEMORANDUM

I.  INTRODUCTION
AND
BACKGROUND

The petitioner, proceeding *pro se* and *in forma pauperis*, brings this action seeking federal *habeas corpus* relief under 28 U.S.C. § 2254.  The petitioner names Cherry Lindamood, Warden at the South Central Correctional Facility, as the respondent.

The Davidson County Grand Jury returned the following seven-count indictment against the petitioner on February 13, 2004: Count One, especially aggravated kidnapping; Count Two, aggravated assault; Count Three, domestic assault; Count Four, unlawful possession of a weapon; Count Five, manufacture of a controlled substance; Count Six, possession of a controlled substance with intent to sell; Count Seven, possession of drug paraphernalia.  (Attach. 1, Indictment, pp. 1-8)[1]

On July 1, 2004, the petitioner pled guilty to one count of kidnapping, one count of aggravated assault, and one count of unlawful possession of a weapon.  (Attach. 1, Tr., p. 23)  The petitioner was sentenced to ten (10) years on Counts One and Two, and to eleven months and twenty-nine days on Count Four, all sentences to run concurrently.  (Attach. 1, Tr., pp. 23-24)  The

---

[1]There are three attachments to Docket Entry No. 12.  The attachments comprise the record of the state court proceedings against the petitioner.  The attachments are referred to herein without reference to Docket Entry No. 12.

petitioner, a range I offender, pled out of range to kidnapping, *i.e.*, as a range II offender, to avoid exposure to a potentially lengthier sentence had he gone to trial and been found guilty, especially on the aggravated kidnapping charge. (Attach. 2, Tr., p. 5) The petitioner did not file a direct appeal.

The petitioner filed a petition for post-conviction relief on February 25, 2005, amending his petition on April 8, 2005 and again on May 4, 2005. (Attach. 1, Petitions, pp. 9-13, 42-45, 48-49) The petitioner's request for post conviction relief was denied on May 18, 2005. (Attach. 1, Order, pp. 51-56)

The petitioner raised six claims on appeal from the judgment of the post-conviction court, *i.e.*, trial counsel provided ineffective assistance because:

1) counsel did not provide him with a copy of discovery materials until three days prior to the plea hearing;

2) counsel failed to seek dismissal of the charges in General Sessions Court and in Criminal Court;

3) counsel failed to seek a psychological evaluation of the petitioner;

4) counsel failed to seek a trial date;

5) counsel misled him about the sentencing exposure he would face were he to proceed to trial; and,

6) counsel failed to advise him of the Supreme Court's ruling in *Blakely v. Washington* which, had he known of *Blakely*, he would not have pled out of range.

(Attach. 3, Appellant's Brief, pp. 3-4) The Tennessee Court of Criminal Appeals ("the Court of Criminal Appeals") affirmed the judgment of the post-conviction court on February 7, 2006. (Attach. 3, Opinion) The petitioner did not seek permission to appeal in the Tennessee Supreme Court.

2

The petitioner filed his petition for federal *habeas corpus* relief on May 18, 2006. (Docket Entry No. 1) In his petition, he raises the same claims that he raised on appeal from the judgment of the post-conviction court. (Docket Entry No. 1, pp. 1-2)

The respondent filed a motion to dismiss on August 3, 2006 and copies of the relevant portions of the proceedings in state court. (Docket Entry Nos. 11-12) The petitioner filed a response, arguing that the respondent's motion to dismiss should be denied. (Docket Entry No. 13)

## II. ANALYSIS

### A. Grounds for Relief

Petitions for federal *habeas corpus* relief filed after April 24, 1996 are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA). *See Martin v. Mitchell*, 280 F.3d 594, 602 (6th Cir. 2002)(citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1977). Title 28 U.S.C. § 2254, as amended by the AEDPA, provides the following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "unreasonable application" of clearly established federal law differs from an "incorrect application." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Under the former, "a federal *habeas corpus* court may grant relief if the state court identifies the governing legal principle from [the

3

Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The latter clause is satisfied when a state court "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law or . . . decides a case differently than the Court . . . on a set of materially indistinguishable facts." *Id.* at 364-65. Where state courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Miller-el v. Cockrell*, 537 U.S. 322, 324 (2003). Under the AEDPA, the purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Ineffective Assistance of Counsel

Each of the claims before the court is grounded in allegations of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a *habeas* petitioner must show deficient performance and prejudice. *See Bell*, 535 U.S. at 694-95. Trial counsels' performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny. *Strickland*, 466 U.S. at 689. To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable probability that, but for counsels' unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229

4

(6th Cir. 1992)(*en banc*), *cert. denied*, 508 U.S. 975 (1993)). To establish ineffective assistance of counsel in a guilty plea context, the petitioner must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002).

## 1. Procedural Default

The respondent argues first that the petitioner's claims are "procedurally defaulted because the petitioner did not raise his claims in the Tennessee Supreme Court." (Docket Entry No. 11, pp. 16-17)[2] The respondent's argument notwithstanding, under Rule 39, Tenn. Sup. Ct. Rules, the petitioner was not required to seek discretionary review in the Tennessee Supreme Court to satisfy the federal *habeas corpus* exhaustion requirement. *See Adams v. Holland*, 330 F.3d 398, 401-06 (6th Cir. 2003). Therefore, the respondent's procedural default argument is without merit.

## 2. Failure to Provide Petitioner With Discovery Materials

The petitioner asserts that trial counsel was ineffective for not providing him discovery materials until three days before the plea hearing. (Docket Entry No. 1, pp. 1, 2-3) The petitioner alleges, among other things, that his trial counsel's failure to provide discovery to him in a timely fashion violated his rights under *Brady v. Maryland*, 373 U.S. 83 (196). The respondent argues that the Court of Criminal Appeals' determination with respect to this claim was neither contrary to nor an unreasonable application of clearly established federal law. (Docket Entry No. 11, pp. 17, 19)

The State has not addressed the petitioner's *Brady* claim; therefore, the court will address it *sua sponte*. The court notes first that this claim was not raised in the context of *Brady* either in

---

[2]The respondent has failed to number the pages in the motion to dismiss as required under Rule L.R.03, Local Rules of Court. The page numbers in Docket Entry 11 to which the court refers are those assigned by CM/ECF.

5

his petition for post-conviction relief or in his brief on appeal from the judgment of the post-conviction court. (Attach. 1, pp. 9-13, 42-45, 48-49; Attach. 3, pp. 7-8) Under these circumstances, the petitioner's *Brady* claim is procedurally defaulted. Nevertheless, under *Brady*, a defendant's rights are violated if the prosecution suppresses favorable evidence. *Id*. at 87. *Brady* does not apply to actions of defense counsel. Consequently, the *Brady* aspect of this claim is without merit.

With respect to remaining elements of this claim, at the state post-conviction hearing, the petitioner testified as follows:

> I received discovery, about three days before the last court date; but it was given to me by another attorney that was in to see me. It was never – it was never given to me by [my attorney].

(Attach. 1, Tr., p. 7) The petitioner went on to clarify that he received discovery three days prior to his guilty plea hearing. (Attach. 1, Tr., p. 7) Trial counsel testified at the evidentiary hearing that the petitioner "may not have received the discovery until late in the game," but that she "had been over and over and over the case many times" with him. (Attach. 1, Tr., pp. 30, 38)

Based on the foregoing testimony, the post-conviction court credited the testimony of trial counsel, determined that the petitioner had not shown by "clear and convincing evidence that trial counsel's work was not 'within the range of competence demanded of attorney[]s in criminal cases," and ruled that the petitioner had failed to "show[] that his case was prejudiced as a result of counsel's ineffectiveness." (Attach. 1, Order, p. 53)

On appeal from the judgment of the post-conviction court, the Court of Criminal Appeals correctly identified *Strickland* and *Hill* as controlling in those instances when ineffective assistance of counsel is alleged in the context of a guilty plea. (Attach. 3, Opinion, pp. 3-4) In addressing this claim, the Court of Criminal Appeals found that the post-conviction court "specifically accredited" the testimony of trial counsel and determined that "the petitioner . . . failed to establish that the

6

evidence preponderates against [the post-conviction court's] findings." (Attach. 3, Opinion, p. 4)

The record supports the Court of Criminal Appeals' findings on this issue. Therefore, the Court of Criminal Appeals' determination is entitled to the presumption of correctness. Moreover, the Court of Criminal Appeals' determination on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law. For these reasons, the petitioner is not entitled to *habeas corpus* relief on these grounds.

Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court has independently determined that the petitioner has not made a substantial showing of a denial of a constitutional right. Therefore, a COA will not issue on this claim.

3. Failure to Seek Dismissal<br>of the Charges

The petitioner alleges that trial counsel was ineffective in failing to seek the dismissal of the charges in General Session Court or Criminal Court because of the victim's inconsistent statements. (Docket Entry No. 1, pp. 1, 3-4) The respondent argues that the Court of Criminal Appeals' determination with respect to this claim was neither contrary to nor an unreasonable application of clearly established federal law. (Docket Entry No. 11, pp. 17, 19)

At the state post-conviction evidentiary hearing, the petitioner offered the following testimony with respect to this claim:

> Q    Okay. You also allege that you requested your counsel to
>      file a Motion to Dismiss in General Session and Criminal

7

> Court –
>
> A   Yes, sir.
>
> Q   – is that right?  Tell the Court about that.
>
> A   Due to the – to the victim's statements that she stated this crime never took place . . . and we was – I asked for a Motion to Dismiss.  And, to my knowledge, that was never filed.

(Attach. 1, Tr., pp. 7-8)  The petitioner repeated his allegation on cross-examination.  (Attach. 1, Tr., pp. 13-15)  Trial counsel testified that she believed that there was no merit to filing a motion to dismiss; however, the victim's inconsistent statements were of value for impeachment purposes. (Attach. 1, Tr., pp. 29, 41)

The post-conviction court concurred in trial counsel's view that a motion to dismiss would have been without merit and that the victim's prior testimony could have been used for impeachment purposes.  (Attach. 1, Order, p. 54)  The post-conviction court concluded that it "fail[ed] to see how counsel's work was not 'within the range of competence demanded of attorney[]s in criminal cases,'" and that "the petitioner fail[ed] to establish both . . . deficient performance *and* prejudice in trial counsel's pre-trial legal conclusion."  (Attach. 1, Order, p. 54)(italics in the original)  On appeal from the judgment of the post-conviction court, the Court of Criminal Appeals likewise determined that "the petitioner ha[d] failed to establish that trial counsel's performance was deficient . . . ."  (Attach. 3, Opinion, p. 4)

The record supports the Court of Criminal Appeals' findings on this issue.  Therefore, the Court of Criminal Appeals' determination is entitled to the presumption of correctness.  Moreover, the Court of Criminal Appeals' determination on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law.  For these reasons, the petitioner is not entitled to *habeas corpus* relief on these grounds.

8

Certificate of Appealability

The court has independently determined that the petitioner has not made a substantial showing of a denial of a constitutional right. For reasons previously explained, *supra* at p. 7, a COA will not issue on this claim.

### 4. Failure to Seek a Psychological Evaluation

The petitioner claims that trial counsel was ineffective in failing to obtain a psychological evaluation of the petitioner. (Docket Entry No. 1, pp. 1, 4) The petitioner argues that he advised trial counsel that he had a history of mental health problems, but that trial counsel did not order an evaluation because, in her opinion, the petitioner had not displayed any behavior that would have warranted such an evaluation. (Docket Entry No. 1, p. 4) The respondent argues that the Court of Criminal Appeals' determination with respect to this claim was neither contrary to nor an unreasonable application of clearly established federal law. (Docket Entry No. 11, pp. 17, 19-20)

The following testimony was adduced from the petitioner at the post-conviction evidentiary hearing on this issue:

> Q    have you ever had mental-health problems, previously in your –
>
> A    Yes, sir.
>
> Q    – life?  Did you communicate that to your trial counsel?
>
> A    Yes, sir.
>
> Q    And was there any discussion about having a psychological evaluation?
>
> A    I was told that there would be a psychological evaluation, and I was told that for several months.  And then, towards the – several months later, it – it because that there wasn't gonna be one.  I – I was – never received that.

9

Q    But did you specifically request of Ms. Weiss –

A    Yes, sir.

(Attach. 1, Tr., p. 8)  Trial counsel testified that she had considered having the petitioner evaluated and that she would have "been delighted to have th[e] evaluation done" if she "thought that [the petitioner] was insane at the time of the offense . . . ." or that "he was incompetent."  (Attach. 1, Tr., pp. 31-33)

In its Order denying the petitioner's request for post-conviction relief, the post-conviction court credited the testimony of trial counsel, determined that the petitioner "ha[d] failed to show by clear and convincing evidence that trial counsel's work was not 'within the range of competence demanded of attorney[]s in criminal cases;'" and found that the petitioner had not "shown that his case was prejudiced as a result of counsel's ineffectiveness."  (Attach. 1, Order, p. 54)

On appeal from the judgment of the post-conviction court, the Court of Criminal Appeals determined that, "[o]ther than the petitioner's bare assertion that he had previously suffered from 'mental health problems,' the petitioner offered no proof at the evidentiary hearing to support his claim that trial counsel should have sought a psychological examination."  (Attach. 3, Opinion, p. 4)  The Court of Criminal Appeals concluded by determining that "the petitioner . . . failed to meet his burden of proof" with respect to this claim.  (Attach. 3, Opinion, p. 4)

The record supports the Court of Criminal Appeals' findings on this issue.  Therefore, the Court of Criminal Appeals' determination is entitled to the presumption of correctness.  Moreover, the Court of Criminal Appeals' determination on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law.  For these reasons, the petitioner is not entitled to *habeas corpus* relief on these grounds.

Certificate of Appealability

The court has independently determined that the petitioner has not made a substantial showing of a denial of a constitutional right. For reasons previously explained, *supra* at p. 7, a COA will not issue on this claim.

### 5. Failure to Obtain
### a Trial Date

The petitioner asserts that trial counsel was ineffective because he was denied a trial date. (Docket Entry No. 1, p. 1) The respondent argues that the Court of Criminal Appeals' determination with respect to this claim was neither contrary to nor an unreasonable application of clearly established federal law. (Docket Entry No. 11, pp. 17, 20)

The petitioner's sole reference to this claim in his petition is as follows: "'Petitioner's guilty plea was not made voluntarily, knowingly or intelligently because' . . . he was denied a trial date . . . ." (Docket Entry No. 1, p. 1) Apart from this single assertion, the petitioner has not provided any supporting factual allegations, references to the record, or citations to relevant authority. Therefore, this claim is conclusory. The Sixth Circuit Court of Appeals has held that conclusory allegations do not provide a basis for *habeas corpus* relief. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)(citing *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3rd Cir.1991)(bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in federal *habeas corpus* proceedings). Because this claim is conclusory, the petitioner is not entitled to *habeas corpus* relief.

Certificate of Appealability

Where, as here, the district court denies a *habeas corpus* petition on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability will issue only under the following conditions: 1) "that jurists of reason would find it

Case 3:06-cv-00558   Document 15   Filed 11/06/06   Page 11 of 15 PageID #: 253

debatable whether the petition states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The court has conducted an individualized analysis of this claim and finds that jurists of reason would not find it debatable that the court was correct in its procedural ruling. Therefore, a COA will not issue on this claim.

### 6. Misleading Petitioner on Sentencing

The petitioner alleges that trial counsel misled him concerning his sentencing exposure if he were to proceed to trial. (Docket Entry No. 1, pp. 1-2, 4-7) The respondent argues that the Court of Criminal Appeals' determination with respect to this claim was neither contrary to nor an unreasonable application of clearly established federal law. (Docket Entry No. 11, pp. 17, 20)

At the plea hearing, the petitioner was advised by the trial court that, as to those charges to which he had agreed to plead guilty, the especially aggravated kidnapping charge carried a sentence of fifteen to sixty years, the aggravated assault charge carried a sentence of three to fifteen years, and the felony possession of firearms charge carried a sentence of one to six years. (Attach. 2, Tr., pp. 5-6) Referring to the petitioner's exposure to a longer sentence if he went to trial, the trial court also advised the petitioner that he was pleading "out of range," *i.e.*, that he was agreeing to a ten-year sentence on the kidnapping charge which was a sentence for a range II offender. (Attach. 2, Tr., p. 7) The sentence that the petitioner received under the plea agreement was a ten-year sentence on each of the kidnapping and assault charges, and a sentence of eleven months and twenty-nine days on the firearms charge, all sentences to be served concurrently. (Attach. 2, Tr., pp. 6-7, 23)

The petitioner testified at the post-conviction evidentiary hearing that trial counsel told him that he would receive the maximum sentences and that his sentences would run consecutively, if he went to trial. (Attach. 1, Tr., pp. 9-11) On cross-examination, the petitioner acknowledged that he

12

stood to be sentenced to twenty years at one-hundred percent if he had been convicted on the especially aggravated kidnapping charge alone. (Attach. 1, Tr., p. 18) The petitioner also testified that trial counsel advised him that, if he went to trial, that "would upset people in this courtroom," his sentences would be run consecutively, and he would receive a twenty-two year sentence, even if he was not convicted of the aggravated kidnapping charge, including six years on a felony possession of firearms charge that carried with it a sentence of one to six years. (Attach. 1, Tr., pp. 10, 19-20) Finally, on direct questioning by the post-conviction court, the petitioner acknowledged that, if he had gone to trial, he faced a possible sentence of thirty-one years. (Attach. 1, Tr., p. 19)

Trial counsel testified that the aggravated kidnapping charge was not particularly strong. (Attach. 1, Tr., p. 24) Trial counsel also testified at length that she discussed the increased exposure that he faced if he went to trial, and notes in her file that supported her testimony were made exhibits to the record. (Attach. 1, Tr., pp. 24-29, Ex.) The only questions that trial counsel was asked on cross-examination was whether she explained presumptive sentences to the petitioner, to which trial counsel responded that she did. (Attach. 1, Tr., pp. 35-36)

In its Order denying the petitioner's request for post-conviction relief, the post-conviction court found that the petitioner's testimony was not credible, credited trial counsel's testimony, and concluded that it failed "to see how [trial counsel's] performance fell below the standards in *Strickland* . . . considering that [she] successfully managed to 'broker a deal' that had the petitioner plea[d] well below the potential sentence he was facing in the event of a conviction at trial." (Attach. 1, Order, p. 55) The post-conviction court concluded further that trial counsel did not provide ineffective assistance. (Attach. 1, Order, p. 55) Adopting the post-conviction court's basic findings of fact and conclusions of law, the Court of Criminal Appeals determined that "the petitioner [wa]s not entitled to relief on this ground," because he had failed to establish that trial counsel was ineffective. (Attach. 3, Opinion, p. 5)

13

The record supports the Court of Criminal Appeals' findings on this issue. Therefore, the Court of Criminal Appeals' determination is entitled to the presumption of correctness. Moreover, the Court of Criminal Appeals' determination on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law. For these reasons, the petitioner is not entitled to *habeas corpus* relief on these grounds.

### Certificate of Appealability

The court has independently determined that the petitioner has not made a substantial showing of a denial of a constitutional right. For reasons previously explained, *supra* at p. 7, a COA will not issue on this claim.

### 7. Failure to Advise Petitioner of *Blakely v. Washington*

The petitioner alleges that trial counsel was ineffective for not advising him of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). (Docket Entry No. 1, p. 2) The respondent argues that the Court of Criminal Appeals' determination with respect to this claim was neither contrary to nor an unreasonable application of clearly established federal law. (Docket Entry No. 11, pp. 17, 20-21)

The petitioner's sole mention of this claim in his petition is as follows: "Petitioner's guilty plea was not made voluntarily, knowingly or intelligently because . . . had he known of the ruling in *Blakely v. Washington* he could not have plea[ded] out of range." (Docket Entry No. 1, p. 2) Apart from this single statement, the petitioner does not mention this claim again, nor does he provide any supporting factual allegations, references to the record, or citations to relevant authority in support of his claim. For reasons previously stated, *supra* at p. 11, the petitioner's claim is conclusory and, as such, he is not entitled to *habeas corpus* relief.

### Certificate of Appealability

14

The court has conducted an individualized analysis of this claim and finds that jurists of reason would not find it debatable that the court was correct in its procedural ruling. For reasons previously explained, *supra* at pp. 11-12, a COA will not issue on this claim.

### III. CONCLUSION

For the reasons stated herein, the petitioner is not entitled to federal *habeas corpus* relief on the grounds raised. Consequently, the petitioner's petition for federal *habeas corpus* relief will be denied and this action dismissed. A COA will not issue as to any of the petitioner's claims.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge